*The petition of* WRITNER, *guardian, for the payment of certain moneys.*

THE Surrogate cannot pay over to the general guardian a sum of money which is found in the Surrogate's office, belonging to an infant, and which is neither a legacy or a distributive share.

THE SURROGATE.   Letters of administration were issued on the goods and chattels of Pauline Writner, deceased, to John H. Turner, guardian of Charles Writner, son of the intestate.   On the 26th September, 1858, the letters of administration and of guardianship were both revoked, and letters of administration were issued to Daniel Writner, husband of the intestate.

On the 20th September, 1858, Daniel Writner, before receiving letters of administration, had signed a consent, which was received and filed by the then Surrogate, in this office, that the bonds and mortgages belonging to the estate of Pauline Writner, deceased, be paid into the Surrogate's office, and invested by the Surrogate, and that the income thereof be appropriated by the Surrogate for the support, maintenance and education of Charles Writner, an infant son of said intestate, during his minority, and that, upon the said Charles Writner's attaining the age of twenty-one years, the said principal sum be paid to the said Charles Writner.

On the first day of May, 1866, letters of guardianship were issued to said Daniel Writner, upon the person and estate of said Charles Writner; and on the 2d inst. the guardian applies, by petition, for payment to him of the moneys paid into Court belonging to said infant.

The assets which were so deposited in the hands of the Surrogate consisted of two bonds and mortgages, which were duly assigned to the Surrogate, and which have both been since paid and satisfied, and the proceeds, with

interest, are now on deposit in the Union Trust Company.

The circumstances of this case are peculiar. The infant, Charles Writner, was not entitled to any distributive share in his mother's estate. The bonds and mortgages, which were in the hands of the administrator, on the 20th September, 1858, belonged to him individually as the surviving husband of the intestate. He paid them to the then Surrogate, creating a trust in the latter by the terms of the consent signed by him and filed with the Surrogate on that day. That trust was for the support, maintenance and education of the infant out of the income, during his minority, and for the payment to him of the principal sum on his attaining his majority. If that trust has survived with the office to the present Surrogate, I hold that I have no right to terminate it, and part with the custody of the principal, during the minority. The Surrogate is only authorized to pay over to a guardian the distributive share or legacy of an infant, and the sum now in the Surrogate's hands belonging to this infant is neither.

The prayer of the petition is, therefore, denied.